UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RALPH BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0724 (RBW) |
| | ) | |
| JOHN CAULFIELD, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Ralph Brown's petition for a writ of habeas corpus. For the reasons stated below, the petition will be denied.

I. BACKGROUND

Petitioner was released on parole on July 30, 1989, and the parole term was to expire on September 25, 1997. United States' Response to Show Cause Order ("U.S. Resp."), Ex. A (Sentence Monitoring Computation Data) at 3. On July 22, 1993, petitioner was arrested in the District of Columbia and was charged with distribution of cocaine. *Id.*, Ex. B (July 29, 1993 letter from D.E. Childress, U.S. Probation Officer). Based on petitioner's alleged selling of a controlled substance, failing to obey all laws, failing to personally report his arrest to his parole officer, and failing to carry out his parole officer's instructions, the District of Columbia Board of Parole ("Parole Board") issued a parole violation warrant on October 13, 1993. *Id.*, Ex. C (Warrant Number PD-26048-93 and attachments). The warrant was lodged as a detainer, *id.*

(Notice of Board Order dated October 13, 1993), and was executed on August 28, 2000.  *Id.*, Ex. D (August 28, 2000 Memorandum from U.S. Marshals Service Warrant Squad and attachments).

On March 11, 1994, petitioner pled guilty to one count of attempted possession with intent to distribute heroin.  *See* U.S. Resp., Ex. F (January 25, 2001 Memorandum) at 1 & Ex. G (Addendum to Prehearing Assessment by S. Husk) at 1.  A judge of the Superior Court imposed a prison sentence of four to 12 years, suspended execution of the prison sentence, and instead placed petitioner on probation for three years.  *Id.*  Evidently, petitioner completed the term of probation successfully.  *Id.*, Ex. F at 1.

On December 16, 1997, petitioner was arrested and charged with possession with intent to distribute heroin.  U.S. Resp., Ex. G at 1.  He then pled guilty to possession of heroin, and on June 18, 1998, a judge of the Superior Court imposed a 270-day prison sentence.  *Id.*  Petitioner was released into the community upon completion of this sentence on September 11, 1998.  *Id.*  The authorities involved in the arrest, prosecution and sentencing of petitioner apparently were unaware of the 1993 detainer warrant as neither the Parole Board nor the United States Parole Commission ("USPC") was notified of petitioner's arrest and therefore took no action on the 1993 warrant.[1]  *See id.*, Ex. F at 1-2.

The USPC eventually conducted a parole revocation hearing on March 20, 2001.  *See* U.S. Resp., Ex. H (Revocation Hearing Summary) at 1.  Although the USPC supplemented the parole violation charges to include petitioner's 1997 arrest and subsequent conviction, this charge

---

[1]  The USPC assumed parole revocation responsibility of District of Columbia Code offenders on August 5, 2000.  *See* D.C. Code § 24-131 (2001); U.S. Resp. at 2 n.1.

was not considered at the 2001 revocation hearing.[2]  *See id.* at 2.  Based upon petitioner's admission of guilt of the 1993 offense and his conviction for that offense, the hearing examiner found that petitioner had violated his parole by committing the July 23, 1993 attempted possession with intent to distribute cocaine offense.  *Id.* at 3.  The USPC then revoked petitioner's parole and set July 13, 2001, as his new effective parole date after petitioner served 27 months for the parole violation.  *Id.*, Ex. I (Notice of Action dated May 3, 2001).  Petitioner eventually was released on parole on December 21, 2001.  *Id.* (Certificate of Parole).

Petitioner's most recent incarceration came about as a result of his repeated use of cocaine and opiates, his failure to submit to drug testing on many occasions, and his April 21, 2006 arrest for drinking in public.  *See* U.S. Resp., Ex. N (Alleged Violation(s) Report dated July 20, 2006) & Ex. O (Warrant Application) at 2.  The USPC issued a warrant for petitioner's arrest on September 8, 2006, and the warrant was executed on September 17, 2006.  *Id.*, Ex. O (Warrant), Ex. P (D.C. Probable Cause Hearing Digest) at 1.

The USPC conducted a parole revocation hearing on August 22, 2007, at which time petitioner admitted to two charges: failure to submit to drug testing and use of dangerous and habit-forming drugs.[3]  U.S. Resp., Ex. U (Hearing Summary) at 2.  Although he denied

---

[2] It was determined that the December 16, 1997 arrest occurred after the completion date of the underlying sentence.  *Id.*, Ex. G at 2.  Prior to that arrest, petitioner had remained in the community due to an apparent administrative error, and it was concluded by the USPC that these circumstances did not permit consideration of offenses that occurred after the expiration of the underlying sentence.  *Id.*

[3] Petitioner rejected the USPC's expedited revocation proposal.  U.S. Resp., Ex. R (Response to Expedited Revocation Proposal).  The USPC granted petitioner's request to continue the revocation hearing scheduled for July 10, 2007.  *Id.*, Ex. S (Memo Regarding Hearing), Ex. T (Notice of Action dated July 30, 2007).

committing the charge of drinking in public, petitioner admitted that he had been convicted of the charge, and the hearing examiner concluded that petitioner had committed the offense. *Id.* The hearing examiner recommended that petitioner's parole be revoked, and proposed a new parole date of November 17, 2007, after petitioner served a 14 month prison sentence.[4] *Id.* at 3.

## II.  DISCUSSION

Petitioner alleges that he "ha[s] been violated for the same charge twice" by both the Parole Board and the USPC. Petitioner's Response to the June 29, 2007 Order ("Pet.'s Resp.") at 1. The record does not support petitioner's position.

Although the Parole Board issued a detainer warrant in 1993, it neither considered the underlying alleged violations nor revoked petitioner's parole. Only after the USPC assumed authority previously vested in the Parole Board was any action taken with respect to the 1993 warrant. The USPC revoked petitioner's parole in 2001 because of his admitted culpability for and conviction of attempted possession with intent to distribute heroin. Its decision to revoke petitioner's parole in 2006 was based on an entirely different set of parole violations which occurred after petitioner's release from the 27-month parole violator term of incarceration following the 2001 revocation.

---

[4] According to the Federal Bureau of Prison's Inmate Locator (www.bop.gov), petitioner was released on November 16, 2007. If plaintiff indeed has been released, his petition has been rendered moot. *Lane v. Williams*, 455 U.S. 624, 631 (1982) (attack on sentences which expired during course of habeas proceedings rendered case moot); *Kimberlin v. United States Parole Comm'n*, No. 03-5017, 2004 WL 885215, at *1 (D.C. Cir. Apr. 22, 2004) (finding moot a habeas petition challenging USPC's decisions to revoke parole and to delay reparole because petitioner had been "released from the confinement imposed as a result of those decisions"); *accord Thorndyke v. Washington*, 224 F. Supp. 2d 72, 74 (D.D.C. 2002) (petitioner's claim of unlawful custody before his revocation hearing and findings of fact on charge of parole violation found moot after issuance of corrected Notice of Action).

Insofar as petitioner challenges the USPC's action on a violator warrant issued by the Parole Board, his challenge is without merit. Except in circumstances not present in this case, "[a]ny order entered by the Board of Parole of the District of Columbia shall be accorded the status of an order of the Parole Commission." 28 C.F.R. § 2.90.

### III.  CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing, and therefore, the Court must deny his petition. An Order consistent with this Memorandum Opinion will be issued on this same date.

/s/
REGGIE B. WALTON
United States District Judge

Date:  January 24, 2008